UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORMAND FOGARTY,

    Plaintiff,

    v.

DOROTHY LIVERS,

    Defendant.

CAUSE NO. 3:22-CV-22-JD-MGG

## OPINION AND ORDER

Normand Fogarty, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Fogarty is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Fogarty is an inmate at Westville Correctional Facility ("Westville"). He alleges that he suffered a fall from his wheelchair and has been experiencing pain and burning in his legs, which he attributes to the fall. He claims that since September 2021,

he has been seeking medical attention for this problem but without success. He claims that Nurse Dorothy Livers, who is also the "Health Services Administrator" and is responsible for scheduling medical appointments, will not give him an appointment to see a doctor for the problem with his legs. He saw a doctor for a gallbladder problem in October 2021, but the doctor would not discuss his concern about his legs because the appointment was not scheduled for that purpose. He claims he filed grievances against Nurse Livers in December 2021, but still has not gotten to see a doctor.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care.") (citation and internal quotation marks omitted). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). Nevertheless, "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs

2

suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Fogarty the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Nurse Livers for ignoring his complaints of pain and burning in his legs and refusing to schedule him to see a doctor for several months. He will be permitted to proceed on a claim against her for monetary damages. The complaint can also be read to seek injunctive relief related to his ongoing need for medical care for this issue. Westville Warden John Galipeau has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Fogarty will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Dorothy Livers in her personal capacity for monetary damages for failing to provide adequate medical care for pain and burning in his legs from September 2021 to the present in violation of the Eighth Amendment;

(2) DIRECTS the clerk to add Warden John Galipeau as a defendant;

(3) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity on an Eighth Amendment claim to obtain injunctive relief in the form of medical care needed to address pain and burning in his legs;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dorothy Livers at Centurion Health and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS Warden John Galipeau and Nurse Dorothy Livers to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT