UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORMAND FOGARTY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-22-JD-JPK |
| DOROTHY LIVERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Normand Fogarty, a prisoner without a lawyer, proceeds on Eighth Amendment claims against Nurse Livers for failing to provide adequate medical care for pain and burning in his legs from September 2021 to the present date and against Warden Galipeau on a claim for injunctive relief for the medical treatment to which he is entitled under the Eighth Amendment. ECF 9. The defendants filed motions for summary judgment, arguing that Fogarty did not exhaust his administrative remedies with respect to his claim. ECF 32, ECF 38.

In a declaration, Shannon Smith, grievance specialist at the Westville Correctional Facility, attests that a grievance process is available to inmates. ECF 33-1 at 1-2. The grievance policy requires correctional staff to distribute copies and to explain it to inmates upon their admission to the correctional system. *Id.* The policy is also available to inmates in the law library. *Id.* The policy sets forth a three-step grievance process. *Id.* at 19-24. First, an inmate must file a formal grievance with the grievance specialist. *Id.* Inmates must submit formal grievances within ten business days of "the

date of the incident giving rise to the complaint or concern." *Id.* Each grievance must satisfy the following: "(1) each part of the form shall be completed; (2) it shall be written legibly; (3) it shall avoid the use of legal terminology; (4) it shall relate to only one event or issue; (5) it shall be signed, dated, and submitted by an offender on their own behalf[.]; (6) it shall explain how the situation or incident affects the offender; and (7) the offender shall suggest appropriate relief or remedy." *Id.* The grievance specialist will either accept the grievance or reject it using a Return of Grievance form. *Id.* The inmate must make necessary revisions to the grievance and return it in within five business days on the date it was received. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, Fogarty submitted a grievance, dated November 10, 2021, which read as follows:

> **Date of Incident:** 10/28/21
>
> **Brief Statement of Complaint or Concern:** Legs burning/pain from back injury due to fall on 1/23/2020. [Medical Request] #318724 marked ATTN: Livers informal grievance sent 10/28/21. No response after 9 business days. Constant pain/burning sensation in both legs due to back injury from fall on 1/23/2020. First attempt to informally resolve sent 10/21/21 to Livers [Medical Request] # 378738 marked as informal and sick call. Saw [Dr.] Jackson on 10/7/21 for different issue and you know [Dr.] Jackson will NOT discuss any other issues and NO QUESTIONS. To date, I have never seen a doctor for the ongoing pain and burning down both legs. I went four days without being able to move my left leg at all. I need to see the doctor for this issue right away. This formal grievance submitted on business day 9.

2

> **State the relief that you are seeking:** Get me to see the doctor for this condition!

*Id.* at 36. Fogarty attached the referenced Medical Requests to his grievance. *Id.* at 37-38.

> On November 24, 2021, a grievance specialist responded as follows:
>
> Grievance returned, see scan in grievance office. Unfounded complaint. Mr. Fogarty, I would begin by stating that I retrieved grievances from the E.C. Grievance Box on Friday, November 19, 2021. This grievance was not in the box at that time. I again retrieved grievances from the E.C. Grievance Box today, Wednesday, November 24, 2021, and this grievance was in the box. The earliest date that you could have submitted your grievance is Friday, November 19, 2021, after I had retrieved them. Therefore, the date that you entered of 11/10/2021 is false. You have 10 business days from the date of incident to file a grievance. Your grievance is outside of that time frame. I would strongly caution you against entering false dates on your grievances.
>
> Both [Medical Requests] that you attached were labeled as "Informal grievance". They were not submitted as [Medical Requests].
>
> I did meet with medical on your behalf. Documentation indicates that you have received treatment for this issue.
>
> In addition, this issue was previously addressed in grievance log #120167.[1]

*Id.* at 45.

In support of his response to the summary judgment motions, Fogarty submitted his attempt to correct the grievance dated November 10, 2021. ECF 45-1 at 97-98. On December 3, 2021, he reaffirmed that date as the date of submission and invited them to

---

[1] Grievance Log #120167 refers to a similar grievance relating to a lack of treatment dated November 11, 2020, ten months before the lack of treatment that is the subject of the complaint. ECF 45-1 at 78.

3

corroborate the timeliness of his grievance by consulting the ombudsman and his grievance history. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

4

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The parties' arguments focus on the timing of the grievance, dated November 10, 2020. Fogarty maintains that he submitted the grievance as dated within the ten-day timeframe set forth by the grievance policy, but the defendants maintain that Fogarty backdated the grievance and that he could not have submitted it until November 19, 2020, based on the collection practices of the grievance office. Notwithstanding this factual dispute, the court has identified a different, though related, dispositive issue. Specifically, the grievance procedure requires inmates to submit a grievance within ten business days of the "the date of the incident giving rise to the complaint or concern." Consequently, the court must identify the incident giving rise to Fogarty's grievance.

5

The defendants identify the date on which Fogarty sent the medical request to Nurse Livers as the operative date -- October 28, 2021. The issue with October 28 is that the grievance in its totality does not indicate that Fogarty was concerned about what happened on that date or any other discrete encounter with medical staff. Instead, Fogarty's concern is the lack of medical attention in the days that followed October 28. On several occasions in the grievance, Fogarty emphasizes his ongoing concern:

- "No response after 9 business days."
- "To date, I have never seen a doctor for the ongoing pain and burning down both legs."
- "I need to see the doctor for this issue right away."
- "Get me to see the doctor for this condition!"

The complaint regarding the ongoing lack of medical care is reminiscent of the continuing violation doctrine, which stands for the proposition that "[e]very day that [correctional staff] prolong[s] [an inmate's] agony by not treating his painful condition mark[s] a fresh infliction of punishment that cause[s] the statute of limitations to start running anew." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). Courts have adopted this doctrine in recognition of "the fact that the [defendant] has been violating the Constitution for a generation does not permit it to commit fresh violations." *Palmer v. Bd. of Educ. of Community Unit Sch. Dist. 201-U, Will County, Ill.*, 46 F.3d 682, 686 (7th Cir. 1995).

For similar reasons, it is unclear that a grievance concerning an ongoing lack of medical care could ever be untimely. Even if it could, correctional staff here should have recognized that the medical request itself was not the focus of the grievance; rather it focuses on the lack of response to the medical request as of the date the grievance was

6

submitted. Fogarty's efforts to comply with the grievance policy are further demonstrated by his attempt to correct the grievance on the grievance officer's terms by reaffirming the date of submission and offering methods for corroboration. The court also observes that the ongoing concern expressed in the grievance is commensurate with the broad temporal scope of the claim in this lawsuit, which encompasses the lack of medical care from September 2021 to the present date. ECF 9. Because correctional staff misidentified "the incident giving rise to the complaint or concern," the court finds that they erred in denying it as untimely and that, by doing so, they rendered the grievance process unavailable to Fogarty.

In sum, the record indicates that correctional staff rendered the grievance process unavailable to Fogarty by erroneously rejecting his grievance as untimely. Therefore, the court denies the motion for summary judgment and further finds that summary judgment on the exhaustion issue in favor of Fogarty may be appropriate. *See* Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may grant summary judgment to the non-movant.").

As a final matter, Fogarty's claim for injunctive relief against John Galipeau in his official capacity as the Warden of the Westville Correctional Facility to provide him with the medical care for his legs remains pending. Significantly, on October 24, 2022, Fogarty notified the court that he had moved to a residential address in Michigan City. ECF 51. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Because there is no

7

indication that Fogarty is likely to be transferred back to the Westville Correctional Facility, it appears that the claim for injunctive relief is moot.

For these reasons, the court:

(1) DENIES the motions for summary judgment (ECF 32, ECF 38);

(2) ORDERS the defendants to show cause by March 3, 2023, as to why summary judgment on the exhaustion issue in favor of Normand Fogarty should not be entered; and

(3) ORDERS Normand Fogarty to show cause by March 3, 2023, as to why the injunctive relief claim should not be dismissed as moot.

SO ORDERED on January 31, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT