UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORMAND FOGARTY,

    Plaintiff,

v.                                      CAUSE NO. 3:22-CV-22-JD

DOROTHY LIVERS,

    Defendant.

## OPINION AND ORDER

Normand Fogarty, a prisoner without a lawyer, is proceeding in this case "against Nurse Dorothy Livers in her personal capacity for monetary damages for failing to provide adequate medical care for pain and burning in his legs from September 2021 to the present in violation of the Eighth Amendment[.]" ECF 9 at 3. On October 19, 2023, Nurse Livers filed a motion for summary judgment, arguing she was not personally involved in any violation of Fogarty's Eighth Amendment rights. ECF 64. With the motion, Nurse Livers provided Fogarty the notice required by N.D. Ind. L.R. 56-1(f). ECF 67. Attached to the notice were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed several months ago, but

Fogarty has not responded. Therefore the court will now rule on Nurse Livers' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "If a party moving for summary judgment has properly supported his motion, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (emphasis omitted).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 747 (7th Cir. 2017). To establish liability, a prisoner must show proof of (1) an objectively serious medical condition, and (2) the official's deliberate indifference to that condition. *Id.* To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision

2

that represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." *Johnson v. Rimmer*, 936 F.3d 695, 707 (7th Cir. 2019) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Section 1983 requires a plaintiff to show more than just a violation of a constitutional right. To recover damages from a defendant, he must also prove that defendant was personally involved in the violation. *Mitchell v. Kallas*, 859 F.3d 492, 498 (7th Cir. 2018). Thus, "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A defendant cannot be liable without "a showing of direct responsibility for the improper action[.]" *Id.* Put otherwise, individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

In her summary judgment motion, Nurse Livers argues she had no personal involvement in the alleged delay to Fogarty's treatment for the burning pain in his leg. ECF 65 at 6-9. She provides an affidavit and Fogarty's medical records, which show the following facts:[1] During all relevant times, Nurse Livers was the Health Services Administrator at Westville Correctional Facility ("WCF"). ECF 64-1 at 2. In this capacity,

---

[1] Because Fogarty did not respond to Nurse Livers' summary judgment motion, the Court accepts Nurse Livers' attestations and the contents of Fogarty's medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

3

Nurse Livers responded to Healthcare Request Forms ("HCRF") from inmates, but did not personally treat or assess any inmates. *Id.* at 2-4.

On September 21, 2021, Fogarty submitted HCRF #352214, reporting burning pain in his legs. ECF 64-7 at 25. In response, he was scheduled to see Dr. Jackson, but was unable to make his first two scheduled appointments due to scheduling issues. ECF 64-2 at 20-22. Fogarty finally saw Dr. Jackson on October 7, 2021, but discussed only complaints of neck pain and did not raise complaints of leg pain. *Id.* at 28-31. Following this visit, a health care staff member responded to HCRF #352214 that Fogarty's complaints had been discussed with a provider. ECF 64-7 at 25.

On October 21, 2021, Fogarty submitted HCRF # 378738, complaining he was being denied access to a doctor and the response to HCRF #352214 was a "lie" because he did not discuss his leg pain with Dr. Jackson during the October 7 visit. ECF 64-1 at 3; ECF 64-7 at 20. Nurse Livers responded to HCRF #378738 that Fogarty was not being denied access to a doctor, had seen a physician on October 7, and could submit another HCRF if he needed additional care. *Id.* On February 28, 2022, Fogarty submitted HCRF #365054 stating he'd seen Dr. Jackson on October 7 and Dr. Jackson had indicated he would seek a second opinion for gallbladder removal, but that Fogarty did not want a second opinion and wanted to wait until his release to seek further medical treatment. ECF 64-1 at 3; ECF 64-7 at 54. Nurse Livers responded to Fogarty that she would notify Dr. Jackson of his statements. *Id.*

Nurse Livers attests she had no involvement in Fogarty's medical care aside from responding to HCRF # 378738 and HCRF #365054. ECF 64-1 at 4. She was not

4

personally involved in providing medical care to Fogarty, did not have any involvement in decisions regarding his course of treatment, and did not oversee, supervise, or dictate any of his treatment. *Id.* While at WCF, Fogarty was under the medical care of Dr. James Jackson, Dr. Matthew Troy, and Dr. Andrew Liaw. *Id.* Nurse Livers attests she never denied Fogarty access to an appointment with any of his physicians and was not involved in scheduling his appointments. *Id.* at 5. If Fogarty wanted to see his doctor, he needed to submit a HCRF describing his medical issue and would then be scheduled for an appointment with either a nurse or physician. *Id.*

Here, there is no evidence by which a reasonable jury could conclude Nurse Livers violated Fogarty's Eighth Amendment rights. Specifically, it is undisputed Nurse Livers' only involvement in Fogarty's medical care was to respond to two HCRF. While there appeared to be some confusion whether Fogarty's complaints of leg pain were discussed at his October 7 provider visit, Nurse Livers reasonably informed Fogarty he could submit a new HCRF if he needed to see his provider, and there is no evidence he ever did so. Fogarty provides no evidence disputing Nurse Livers' attestations that she never denied him access to an appointment with his physicians and was not involved in scheduling appointments. Because there is no evidence Nurse Livers was directly responsible for any improper action, no reasonable jury could conclude she denied Fogarty constitutionally adequate medical care for his leg pain. *See Wolf-Lillie*, 699 F.2d at 869. Summary judgment is therefore warranted in her favor.

For these reasons, the court:

(1) GRANTS Nurse Livers' summary judgment motion (ECF 64); and

(2) DIRECTS the clerk to enter judgment in favor of Nurse Livers and against Normand Fogarty and to close this case.

SO ORDERED on March 27, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT